(83 South. 193)

No. 23694.

STATE v. MARTIN.

(Nov. 3, 1919.)

(Syllabus by Editorial Staff.)

1. CRIMINAL LAW ⟨key⟩388—EVIDENCE OF EXPERIMENT NOT HEARSAY.

In a prosecution for murder committed by shooting, where a witness testified to having seen the murder committed and as to his passing over a locomotive at the time, evidence of another that he had timed the witness subsequently to see how long it took him to pass over such a locomotive in that manner *held* not subject to objection as hearsay.

2. CRIMINAL LAW ⟨key⟩404(3)—ADMISSION OF PISTOL IN EVIDENCE: SUFFICIENCY OF IDENTIFICATION.

In a prosecution for murder, where a witness identified a pistol as one found near where accused left the locomotive on which the murder was committed, and the coroner testified that the murder was caused by a bullet of the same caliber, and another witness testified to the pistol shot by accused which caused deceased's death, and still another testified that he had delivered the same pistol to the accused, who claimed to be the owner, a week or 10 days prior to the murder, the pistol was clearly admissible in evidence.

3. CRIMINAL LAW ⟨key⟩1159(2) — GIVING DEFENDANT BENEFIT OF EXISTING DOUBT WITHIN PROVINCE OF JURY AND NOT REVIEWABLE.

An exception that the jury had not given the defendant convicted of murder the benefit of the doubt existing in the case must be overruled, since such matter is entirely within the province of the jury, and is not subject to review.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Fred Martin was convicted of murder, and he appeals. Affirmed.

See, also, 145 La. 35, 81 South. 747.

Fred G. Benton and H. K. Strickland, both of Baton Rouge, for appellant.

A. V. Coco, Atty. Gen., and John Fred Odom, Dist. Atty., of Baton Rouge (T. S. Walmsley, of New Orleans, of counsel), for the State.

SOMMERVILLE, J. Defendant appeals from a verdict of guilty of murder and sentence of death. He relies upon three bills of exceptions for a reversal of the judgment. This is the second time that the case has been before the court. 145 La. 35, 81 South. 747.

[1] Bill of exceptions numbered 1. The bill is as follows:

"Be it remembered that on the trial of the above entitled and numbered cause, the witness J. H. Hooper, being sworn in behalf of the state, was asked the following question by the district attorney:

"Mr. Hooper, it has been testified by Bernie Nicholls that in your presence, during the former trial of this case, he boarded the twin engine to the one on which the homicide was committed in your presence, when said engine was moving at the approximate speed of engine 94 when he boarded the last-named engine; that his gait or speed was the same on both occasions, as he thought; that on this occasion you took the time it required him to travel from the step on the right side of the gangway and up to the tank at the point he had reached on engine 94 when he heard the first shot. Is it true that you did time him?

"Answer: Yes, sir.

"Question: What was that time? (Objected to by counsel for the defendant on the ground that it is hearsay, the taking of this time having occurred several days following the homicide, and being based upon what Bernie Nicholls did and said when the time was taken, and being no part of the res gestæ.)

"The court overruled the objection, and the counsel for the defendant reserved a bill of exceptions."

It appears that Bernie Nicholls, a witness for the state, had testified that he was an eyewitness of the killing, and that he had moved a certain distance over the locomotive after the homicide; and, a few days subsequently, in the presence of the witness Hooper, he had gone over the locomotive in the same way, and that Hooper had noted the time that it took him (Bernie Nicholls) to make this movement. When Hooper, the one who kept the time, took the stand as a witness for the state, he was asked, "Did you time him?" referring to Bernie Nicholls, and, again, "What was that time?" The witness was not asked what Bernie Nicholls had done, or what he had said. There was no repetition of Nicholls' acts or words by the witness Hooper. The testimony was not in the nature of hearsay. It was a question to Hooper as to what he himself had done in timing Nicholls; and it was a matter entirely within the knowledge of Hooper. The witness was in court confronting the accused, and subject to cross-examination by him. He was not asked anything about what Nicholls had done or said. The question was, "What was that time?"

The witness Nicholls had testified, without objection apparently, as to what he (Nicholls) had done on the occasion referred to; he confronted the accused, and he was doubt-. less cross-examined by him. And, as was said, his testimony was not objected to.

Hooper was not called upon to testify to the pantomime, or dumb show, which Nicholls had gone through; therefore he cannot be said to have been testifying as to Nicholls' acts or words, which might have rendered his testimony hearsay. The testimony of Hooper may have been material, or it may not have been; but it certainly was not hearsay, and the objection thereto was properly overruled.

[2] Bill No. 2 was taken to the overruling of an objection to the introduction in evidence of a pistol found near the scene of, and within 150 feet from the railroad track, where the homicide had been committed.

The per curiam of the court is as follows:

"Witness Hooper identified a certain 41-caliber Colt pistol as being the one he found in a ditch along the right of way of the Louisiana Railway & Navigation Company's line on the morning of the homicide at about the point where accused left said engine on which the homicide was committed, and about 150 feet north of where said engine stopped. Witness Coroner Cuchman testified that the homicide was caused by a bullet of same caliber, and testified to the caliber of the pistol subsequently introduced. Witness Bernie Nicholls testified to the pistol shot which resulted in the death of the deceased at the hands of the accused.

"Witness Salyard testified that he had delivered the same pistol to the accused, who claimed to be the owner thereof a week or ten days prior to the homicide, and said pistol was introduced in evidence in connection with the tes-

timony of said witness Salyard, and after the other facts above related had been proved."

Under the circumstances related by the trial judge the pistol was clearly admissible in evidence; and the objection to its admissibility was properly overruled. A somewhat similar ruling is to be found in the case of State v. Aspara, 113 La. 940 (952), 37 South. 883.

[3] The last bill of exceptions was reserved to the overruling of the motion for a new trial, which contains, in addition to the foregoing points, the allegation that the jury had not given the defendant the benefit of the doubt existing in the case. This is a matter entirely within the province of the jury to be disposed of, and it is not subject to review.

Judgment affirmed.

O'NIELL, J., takes no part.