HARRELL v. GONDOLF

———

(Feb. 28, 1927.   Opinion and Decree.)
(Mar. 28, 1927.   Rehearing Refused.)

———

(*Syllabus by the Court*)

1.  **Louisiana Digest—Appeal—Par. 301, 328.**

An appeal will not be dismissed as devolutive when the order of appeal fixes the amount of the bond for a devolutive appeal at fifty dollars and appellant furnishes a bond for $1500.00, whether the bond be sufficient for a suspensive appeal or not.

2.  **Louisiana Digest—New Trial—Par. 27, 29, 30.**

A new trial upon the ground of newly discovered evidence is properly refused defendant when the effect of the evidence is merely to contradict the testimony of one of plaintiff's witnesses.

3.  **Louisiana Digest—Appeal—Par. 625, 629.**

When there is sufficient evidence before the jury, which if believed, would support its finding that a plaintiff in a physical injury suit was in fact injured, its verdict and the judgment of the trial court, based thereon, will not be disturbed unless it appears manifestly erroneous.

Appeal from Civil District Court, Division "B". Hon. R. F. King, Judge.

Action by Willye E. Harrell against Nick J. Gondolf.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Sol Weiss, of New Orleans, attorney for plaintiff, appellee.

A. G. Williams, I. F. Williams, of New Orleans, attorneys for defendant, appellant.

## ON MOTION TO DISMISS

WESTERFIELD, J. Plaintiff moved to dismiss in the lower court upon the ground of insufficiency in the appeal bond. The court refused to dismiss defendant's appeal and plaintiff took a devolutive appeal from this judgment. Plaintiff's devolutive appeal was argued in this court with the merits of the case by consent of counsel.

The judgment appealed from was for the sum of $1000.00 and the appeal bond furnished by defendant, which was attacked by plaintiff as insufficient, is in the sum of $1500.00. The alleged deficiency in the bond is due to the failure of defendant to calculate interest upon the judgment (interest was expressly allowed in the judgment) to the time the appeal was taken and, undoubtedly, if interest should be considered, the bond is insufficient to support a suspensive appeal. But the important question is, since the case has been heard on the merits, not whether defendant has perfected a suspensive appeal, but whether he has properly appealed at all either suspensively or devolutively. The case having been submitted we could not decline to consider it, if the attempted appeal be effective devolutively.

An appeal bond which, because of deficiency in amount, will not support a suspensive appeal may, nevertheless, suffice to maintain a devolutive appeal if the amount of the bond is fixed by the court. Succession of Keller, 39 La. Ann. 597, 2 So. 553; Helmas vs. Pailet, 126 La. 497, 52 So. 676; State vs. Martin, 145 La. 924, 83 So. 193.

The order of appeal in this case reads:

"It is ordered that a devolutive and suspensive appeal be granted to the said Nick J. Gondolf, returnable to the Court of Appeal for the Parish of Orleans on the 15th day of April, 1925, upon said party furnishing bond with good and solvent surety according to law in the sum of fifty dollars for devolutive appeal."

It is apparent that the suspensive appeal bond is not fixed by the court but is to be "according to law". However, the amount of the bond for the devolutive appeal, is fixed at fifty dollars and defendant furnished a bond of fifteen hundred dollars which though intended as security for the suspensive appeal, we believe will answer for the devolutive appeal. Appeals are favored in law and will not be lightly dismissed.

## ON THE MERITS

This is a suit for damages brought by a tenant against her landlord because of alleged personal injuries caused by falling plaster.

Defendant denies that plaintiff was injured at all, questions the quantum and claims the court erred in refusing a new trial.

The new trial was asked upon the ground of newly discovered evidence. In the words of counsel this evidence consists of:

A witness named Doctor Frederick Fenno, who resides at No. 1630 Napoleon Ave., and who will testify that at the request of the National Life and Accident Ins. Co., he called on plaintiff a few days after June 4, 1922, (date of alleged injury), and that he made a thorough examination of the plaintiff, and that his examination showed no evidence of bruises or contusions or injury of any nature or kind whatsoever.

A witness named William H. Dane, residing at No. 4432 Laurel street, who will tes-

tify that he called on the plaintiff June 6, 1922, at the house No. 3210 Dryades street, that he saw the room and bed which the plaster fell in and that the bed was made of iron. That he was an insurance collector and that he made weekly calls upon the plaintiff and that he was thoroughly familiar with the contents of the front room of house No. 3210 Dryades street at the time of the alleged injury.

A witness named Frances Williams, who resides at No. 3217 Dryades street, who will testify that she heard William Johnson call to plaintiff, whereupon she went to her front door and upon looking out saw the plaintiff on the sidewalk walking towards her home.

The trial judge refused the motion for the new trial upon the ground that the newly discovered evidence was cumulative and affected only the quantum. Defendant's counsel insists that the evidence of Dr. Fenno, one of the new witnesses, could not be so regarded. Perhaps not, but, such evidence would only serve to contradict the testimony of plaintiff's doctor, and other witnesses, and, is not of sufficient importance to justify a reopening of the case. State vs. Young, 34 La. Ann. 346; Doiron vs. Baker-Wakefield, 131 La. 618, 59 So. 1010.

The judge, a quo, was in doubt as to whether the fact of plaintiff's injury had been sufficiently established, and we are by no means certain on that point. However, it is a question of appreciation of testimony and as remarked by the trial court "there was testimony in the case which, if believed by the jury, would justify them in finding that the plaintiff was in fact injured by the fall of the plaster."

We can not say the verdict of the jury and judgment of the court are manifestly erroneous, therefore, their finding as to the fact of injury will be approved.

The amount awarded plaintiff seems to us excessive. Her injuries do not appear to have been serious. A few bruises on the chest and abdomen and an alleged vaginal hemorrhage of rather doubtful origin.

There is some testimony of a spitting of blood following the accident. But on the whole, the proof of these extraordinary symptoms is unsatisfactory. There was undoubtedly some shock and several bruises about the body. We will allow $500.00.

For the reasons assigned the judgment appealed from is amended by reducing the amount awarded to $500.00 and in all other respects it is affirmed. Defendant to pay costs of both courts.